No. 24-2355

In The

# United States Court of Appeals for the Ninth Circuit

PAYSERVICES BANK,

*Plaintiff-Appellant*,

v.

FEDERAL RESERVE BANK OF SAN FRANCISCO,

*Defendant-Appellee*.

On Appeal from the United States District Court for the District of Idaho
Case No. 1:23-cv-00305-REP, Hon. Raymond E. Patricco, Jr.

**MOTION OF INDEPENDENT COMMUNITY BANKERS
OF AMERICA AND CONSUMER BANKERS ASSOCIATION
FOR LEAVE TO FILE *AMICI CURIAE* BRIEF
IN SUPPORT OF APPELLEE AND AFFIRMANCE**

| | |
|---|---|
| JENNA BURKE<br>INDEPENDENT COMMUNITY<br>  BANKERS OF AMERICA<br>1615 L Street, NW, Suite 900<br>Washington, DC 20036<br>(202) 821-4380 | JONATHAN S. FRANKLIN<br>NORTON ROSE FULBRIGHT US LLP<br>799 9th Street NW, Suite 1000<br>Washington, DC 20001<br>(202) 662-0466 |
| DAVID POMMEREHN<br>CONSUMER BANKERS ASSOCIATION<br>1225 I Street, N.W., #550<br>Washington, D.C.  20005<br>(202) 552-6368 | CHARLOTTE KELLY<br>NORTON ROSE FULBRIGHT US LLP<br>Frost Tower<br>111 W. Houston Street, Suite 1800<br>San Antonio, TX 78205<br>(210) 270-9329 |
| August 5, 2024 | *Counsel for Amici Curiae* |

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, *amici curiae*, by and through their undersigned counsel, hereby state the following:

1. The Independent Community Bankers of America certifies that it has no parent corporation and that no publicly traded company owns 10% or more of its stock.

2. The Consumer Bankers Association certifies that it has no parent corporation and that no publicly traded company owns 10% or more of its stock.

Date: August 5, 2024

*/s/ Jonathan S. Franklin*
Jonathan S. Franklin

*Counsel for Amici Curiae*

-i-

## MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF APPELLEE AND AFFIRMANCE

Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and Ninth Circuit Rule 29-3, the Independent Community Bankers of America and the Consumer Bankers Association (collectively, the "Banking Associations") respectfully move for leave to file the accompanying *amici curiae* brief in support of appellee and affirmance. The Banking Associations endeavored to obtain the consent of all parties to the filing of the brief before moving the Court for permission to file the proposed brief. Appellee the Federal Reserve Bank of San Francisco ("FRBSF") consented to this filing. Appellant PayServices Bank ("PayServices") withheld consent, necessitating this motion.

## INTERESTS OF *AMICI CURIAE*

The Independent Community Bankers of America ("ICBA") has one mission: to create and promote an environment where community banks flourish. ICBA is a national trade association that powers the potential of the nation's community banks through effective advocacy, education, and innovation. As local and trusted sources of credit, America's community banks leverage their relationship-based business model and innovative offerings to channel deposits into the neighborhoods they serve, creating jobs, fostering economic prosperity, and fueling their customers' financial goals and dreams.

1

The Consumer Bankers Association ("CBA") is the only national financial trade group focused exclusively on retail banking and personal financial services—banking services geared toward consumers and small businesses. As the recognized voice on retail banking issues, CBA provides leadership, education, research, and federal representation for its members. CBA members include the nation's largest bank holding companies as well as regional and super-community banks that collectively hold two-thirds of the total assets of depository institutions.

The Banking Associations have a strong interest in this case because it implicates the extensive system of federal laws, regulation, and agency oversight that ensures the integrity, safety, and soundness of the U.S. federal banking system. More specifically, this principal issue in this case is whether, as PayServices argues, "master accounts"—the means through which banks and other depository institutions access the myriad financial services that comprise the federal banking system—must be automatically made available, on a no-questions-asked basis, by Federal Reserve Banks to "novel" institutions like PayServices even though such institutions ***are not*** subject to this federal regulatory system. By contrast, the Banking Associations' thousands of members are subject to extensive federal regulation, by virtue of their charters, issuance of federal deposit insurance, holding company structure, or other reasons. Contrary to PayServices, and consistent with the holding of the district court, *amici* believe that the governing

2

statutes do not require, and should not be interpreted as requiring, Federal Reserve Banks to grant master account access without even inquiring into or assessing the business model or circumstances of the entity seeking such access.

## ARGUMENT

The accompanying *amici curiae* brief explains not only why the governing statutes provide Federal Reserve Banks, such as FRBSF, with the discretion to deny (or grant) master account access but also why that statutory discretion furthers the underlying policies of the Nation's banking laws. Under PayServices' proposed interpretation, Federal Reserve Banks would have no ability to assess the risk profile, safety, or soundness of any state-chartered depository institution before granting that institution access to a master account, even where, as here, the institution is not subject to any appreciable federal prudential regulation. As *amici* explain, adopting that position would be detrimental to the integrity of the Nation's preeminent banking system, upon which every individual and business in the country relies daily.

The *amicus* brief is therefore appropriate. The Banking Associations have no direct interest, financial or otherwise, in the outcome of this case, but offer a different perspective from both FRBSF and PayServices. Unlike FRBSF and other Federal Reserve Banks, which are at the very least, quasi-governmental entities (if not actual government agencies as PayServices itself argues), the Banking

3

Associations' members are private banks subject to the rules of the Reserve Banks and the Federal Reserve System of which the Reserve Banks are a part. And, unlike PayServices, the Banking Associations' members are subject to additional, substantial federal regulation and oversight. *Amici* believe it is important for the Court to understand that PayServices' position does not reflect the views of the banking industry as a whole. The Banking Associations' proposed *amici curiae* brief is therefore desirable and relevant to the disposition of this case because it explains, from the particular perspective of *amici* and the thousands of banks that comprise their membership, the important policy rationales that are furthered by the district court's resolution of the question at issue in this appeal.

## CONCLUSION

For the foregoing reasons, the Banking Associations respectfully request leave to file the accompanying *amici curiae* brief.

Respectfully submitted,

*/s/ Jonathan S. Franklin*

| | |
|---|---|
| Jenna Burke | Jonathan S. Franklin |
| INDEPENDENT COMMUNITY BANKERS OF AMERICA | NORTON ROSE FULBRIGHT US LLP |
| 1615 L Street, NW, Suite 900 | 799 9th Street, N.W., Suite 1000 |
| Washington, DC 20036 | Washington, D.C. 20001 |
| (202) 821-4380 | (202) 662-0466 |
| | jonathan.franklin@nortonrosefulbright.com |
| David Pommerehn | Charlotte Kelly |
| CONSUMER BANKERS ASSOCIATION | NORTON ROSE FULBRIGHT US LLP |
| 1225 I Street, N.W., #550 | Frost Tower |
| Washington, D.C. 20005 | 111 W. Houston Street, Suite 1800 |
| (202) 552-6368 | San Antonio, TX 78205 |
| | (210) 270-9329 |
| August 5, 2024 | *Counsel for Amici Curiae* |

5

# CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this motion:

(i) complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Office Word 2010 and is set in Times New Roman font in a size equivalent to 14 points or larger, and

(ii) complies with the length requirement of Rule 27(d)(2)(A) because it contains 744 words.

Dated: August 5, 2024                     */s/ Jonathan S. Franklin*
                                          Jonathan S. Franklin
                                          NORTON ROSE FULBRIGHT US LLP
                                          799 9th Street, N.W., Suite 1000
                                          Washington, D.C. 20001
                                          (202) 662-0466
                                          jonathan.franklin@nortonrosefulbright.com

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 5th day of August, 2024, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system, and caused a copy of the foregoing to be electronically served on the following:

| | |
|---|---|
| Jade A. Craig<br>Jade A. Craig, P.A.<br>1048 S. Clearview Avenue, #3<br>Tampa, Florida 33629<br>(813) 459-1309 | Jonathan K. Youngwood<br>Meredith Karp<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>(212) 455-2000 |
| *Counsel for Plaintiff-Appellant* | *Counsel for Defendant-Appellee* |

/s/ *Jonathan S. Franklin*
Jonathan S. Franklin

*Counsel for Amici Curiae*