No. 24-2355

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

PAYSERVICES BANK,

*Plaintiff-Appellant*,

v.

FEDERAL RESERVE BANK OF SAN FRANCISCO,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the District of Idaho
No. 1:23-cv-00305-REP
Hon. Raymond E. Patricco, Jr.

_____

## APPELLANT'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF

_____

Jade A. Craig, Esq.
Jade A. Craig, P.A.
1048 S. Clearview Avenue, #3
Tampa, Florida 33629
Telephone: (813) 459-1309
jade@jadeacraigpa.com

*Attorney for Appellant*
PayServices Bank

## INTRODUCTION

On August 5, 2024, the Independent Community Bankers of America and the Consumer Bankers Association (collectively, the "Banking Associations") filed a motion for leave to file an amicus brief in support of Appellee Federal Reserve Bank of San Francisco, arguing in favor of affirming the district court's order granting Appellee's Motion to Dismiss. Their motion for leave to file the amicus brief and the brief itself make clear that they intend to essentially restate the arguments already adequately raised by Appellee in its answer brief. The brief does not contribute to the Court's understanding of how the ramifications of the case will affect other parties not before the Court. It is unnecessarily duplicative and confuses the issues in the case. For these and the reasons stated below, the Banking Associations' Motion is due to be denied.

## ARGUMENT

As a general rule, an amicus curiae is a "friend of the court"[1] whose "classic role" involves "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). "An amicus brief should normally be allowed when a

---

[1] *Amicus curiae*, BLACK'S LAW DICTIONARY (12th ed. 2024).

1

party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (citing *Miller-Wohl*, 694 F.2d at 204). Being heard as an amicus is a privilege for non-parties required to obtain consent, not a right. *See id*. Indeed, where the amicus cannot meet one of these conditions, "leave to file an amicus curiae brief should be denied." *Id*. (citing *Northern Sec. Co. v. United States*, 191 U.S. 555, 556 (1903)).

Based on the criteria set forth in this circuit, Appellee is more than competently represented. The Federal Reserve Bank of San Francisco is an arm of the federal government, as demonstrated by the Board of Governors of Federal Reserve System, which has filed an amicus brief in support of FRBSF's position. FRBSF's counsel at Simpson Thacher & Bartlett, LLP, hail from one of the prestigious law firms in the world, based in New York City, the nation's financial center. The case is essentially David vs. Goliath with banks instead of a slingshot.[2] Appellee's 60-page answer brief ably addresses the key issues before this Court – a

---

[2] *See* 1 Samuel 17:1-50 (NIV).

position which Appellants will ably refute in due course. Likewise, the Banking Associations do not refer to any other cases in which they have a material interest or are parties that will be affected by the outcome in this case.

Finally, the Banking Associations' brief does not offer "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *CARE*, 54 F. Supp. 2d at 975. They cannot offer insight into material issues such as the history of relevant amendments to the Federal Reserve Act like law professors or historians, for example, or explain the impact of a ruling in this case on other stakeholders like state banking regulators in the nation's dual banking system. Even the Federal Reserve Board of Governors offers a perspective, however much Appellants disagree with its premise, that relates to federal monetary policy. The Banking Associations' brief, by contrast, does nothing more than seek to improperly bolster and second the arguments Appellee has already raised. Allowing the brief to take this role would be unfair to PayServices Bank as a litigant.

The Banking Associations' position is not unique as private banks subject to "substantial federal regulation and oversight." Motion, at 4. PayServices is also a private bank. While it is not subject to a primary federal regulator based on the issuance of deposit insurance from the Federal Deposit Insurance Corporation (FDIC) and it is not a national bank chartered by the Office of the Comptroller of the Currency (OCC), it remains subject to the host of other federal agencies that

3

oversee the nation's financial system, including the regulations of the Federal Reserve Board of Governors, the U.S. Department of the Treasury, Treasury's Financial Crimes Enforcement Network (FinCEN), the FBI, the Secret Service, and the list goes on.

The Banking Associations' brief raises issues that concern the alleged effect of this Court's decision on various types of banks, ranging from bank holding companies to community banks, where either they or their subsidiaries already have the access to Federal Reserve services that PayServices Bank seeks. They represent members who *already* have master accounts issued by the Federal Reserve Banks. The focus on the possible effects of the Court's decision on their members makes them wholly unsuited to serve as amici in this action. *See Portland Fish Co. v. States S.S. Co.*, 510 F.2d 628, 634 (9th Cir. 1974), *on reh'g sub nom. Portland Fish Co. v. States Steamship Co.* (9th Cir. Dec. 24, 1974) (denying motion for leave to file amicus brief from ocean carriers focused on how case would affect transport of cargo in *sealed* packages where the case at issue involved an ocean carrier with cargo that was *unsealed* and the handling of payment where the goods delivered differed from details recorded in a bill of lading). Whether PayServices Bank is granted a master account based on the outcome of this appeal has no material effect on the Banking Associations.

4

With all due respect, the Banking Associations are already members of the club. Their true mission is to keep new entrants out. Their objective, however, is inconsistent with the values of a free and fairly regulated market, beyond the scope of this case, and does not help the Court in resolving the issues Appellant has raised.

## CONCLUSION

Pursuant to Federal Rule of Appellate Procedure 29(a) and Ninth Circuit Rule 29-3, Appellant PayServices Bank requests that this Court deny the Banking Associations' Motion for Leave to File Brief As Amici Curiae In Support of Appellee and Affirmance.

Dated: August 8, 2024

Respectfully submitted,

Jade A. Craig, P.A.

*/s/ Jade A. Craig*
Jade A. Craig, Esq.
Jade A. Craig, P.A.
1048 S. Clearview Avenue, #3
Tampa, Florida 33629
Telephone: (813) 459-1309
jade@jadeacraigpa.com

*Attorney for Appellant PayServices Bank*

5

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this motion:

(i) complies with the typeface requirements of Rule 29(d)(1)(E) and Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Office Word 2010 and is set in Times New Roman font in a size equivalent to 14 points or larger, and

(ii) complies with the length requirement of Rule 27(d)(2)(A) because it contains 1,052 words.

Dated: August 8, 2024

Respectfully submitted,

Jade A. Craig, P.A.

/s/ Jade A. Craig
Jade A. Craig, Esq.
Jade A. Craig, P.A.
1048 S. Clearview Avenue, #3
Tampa, Florida 33629
Telephone: (813) 459-1309
jade@jadeacraigpa.com

*Attorney for Appellant PayServices Bank*

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 8th day of August, 2024, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system, and caused a copy of the foregoing to be electronically served on all parties registered with the system to receive service in this action, including the following:

| | |
|---|---|
| Jonathan S. Franklin<br>Norton Rose Fulbright US LLP<br>799 9th Street N.W., Suite 1000<br>Washington, DC 20001<br>(202) 662-0466<br><br>*Counsel for Amici Curiae* | Jonathan K. Youngwood<br>Meredith Karp<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>(202) 455-2000<br><br>*Counsel for Defendant-Appellee* |

7