| | | |
|---|---|---|
| | | **FILED** |
| UNITED STATES COURT OF APPEALS | | |
| FOR THE NINTH CIRCUIT | | DEC 19 2024 |
| | | MOLLY C. DWYER, CLERK |
| | | U.S. COURT OF APPEALS |

PAYSERVICES BANK,

        Plaintiff - Appellant,

  v.

FEDERAL RESERVE BANK OF SAN FRANCISCO,

        Defendant - Appellee.

No. 24-2355

D.C. No. 1:23-cv-00305-REP
District of Idaho, Boise

ORDER

Before: TYMKOVICH, M. SMITH, and BUMATAY, Circuit Judges.*

    This matter is before the court *sua sponte* to direct supplemental briefing addressing the impact on this appeal of Idaho's revocation of PayServices's preliminary approval for a state bank charter.

    At oral argument held on Dec. 4, 2024, counsel for the Federal Reserve Bank of San Francisco mentioned that Idaho revoked PayServices's preliminary approval for a bank charter. This appears true. *See Cease and Desist Issued to PayServices*, IDAHO – DEPARTMENT OF FINANCE, https://www.finance.idaho.gov/pressrelease/cease-and-desist-issued-to-

---

\*   The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Court of Appeals, 10th Circuit, sitting by designation.

payservices/ (last visited Dec. 18, 2024). In full, the Idaho Department of Finance's press release reads:

> The Idaho Department of Finance (Department) issued an order to Cease and Desist against PayServices, requiring the entity to no longer use the word "bank" in its name in the State of Idaho. Pursuant to Idaho Code § 26-1202, on September 12, 2022, the Director of the Department granted a waiver to PayServices to use the word "bank" in its name in the State of Idaho as the entity had received conditional preliminary approval for a bank charter from the Department. As of October 16, 2024, PayServices failed to meet the requisite conditions of the preliminary approval and therefore the preliminary approval, which was the basis for granting a waiver, has expired and is now terminated.

*Id.*

While counsel for the parties suggested PayServices is in the process of appealing this determination, the court is unclear on the status of that appeal.

Without a state charter, PayServices does not appear to be a "depository institution" under the Federal Reserve Act. 12 U.S.C. §§ 461(b)(1)(A)(i), 1813(a), 1815(a)(1). If PayServices is not an "eligible depository institution," then it does not appear to meet the minimum criteria it argues compels non-discretionary conferral of a master account. *See, e.g.*, Aplt Br. at 36 (arguing "the Federal Reserve Act provides that every *eligible depository institution* has a right to" a master account.) (emphasis added). And if PayServices is statutorily ineligible for a master account, it does not appear to have a remedy.

2

24-2355

No later than January 17, 2025, the parties shall submit simultaneous memorandum briefs addressing the following issues:

1. The status of PayServices's Idaho state bank charter and any associated appellate proceedings.

2. Whether PayServices remains an "eligible depository institution" given Idaho's revocation of its preliminary state bank charter. Aplt. Br. at 8.

3. If PayServices is no longer an "eligible depository institution," whether the court should abate this case pending the outcome of PayServices's appeal. *Id.*

4. Assuming Idaho upholds the revocation, why the court should not dismiss this case as moot.

The parties' memorandum briefs may be no longer than 10 double-spaced pages in 13- or 14- point Times New Roman font. The supplemental briefs need not comply with the content requirements of Fed. R. App. P. 28(a), but they should be organized in a manner that is helpful to the court. Hard copies need not be submitted.