No. 24-2355

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

PAYSERVICES BANK,

*Plaintiff-Appellant,*

v.

FEDERAL RESERVE BANK OF SAN FRANCISCO,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Idaho
No. 1:23-cv-00305-REP
Hon. Raymond E. Patricco, Jr.

**SUPPLEMENTAL BRIEF**

Jonathan K. Youngwood
Meredith Karp
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (415) 455-3539
jyoungwood@stblaw.com

*Attorneys for Defendant-Appellee Federal Reserve Bank of San Francisco*

**Table of Contents**

Page

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND ....................................................................................................... 2

ARGUMENT ............................................................................................................. 3

I. This Case Is Moot Because PayServices Cannot Obtain the Relief it Seeks (Question 4) ................................................................................................... 3

    A. PayServices Cannot Obtain an Injunction ..................................................... 4

        1. PayServices Is Not Eligible for a Master Account Given Idaho's Revocation of Its Preliminary Bank Charter (Question 2) ..................................................................................... 4

        2. The Court Need Not Abate This Case Because A Successful Appeal of the Cease-and-Desist Order Would Not Affect PayServices' Legal Eligibility for a Master Account (Question 3) ......................................................................................... 6

    B. PayServices Cannot Obtain Monetary Relief ............................................. 7

II. The Court Should Affirm the District Court's Decision if the Case is Not Moot ................................................................................................................ 9

CONCLUSION ....................................................................................................... 10

## PRELIMINARY STATEMENT

The Federal Reserve Bank of San Francisco ("FRBSF") files this Supplemental Brief in response to the Court's December 19, 2024 order (the "December Order"). Plaintiff-Appellant PayServices Bank ("PayServices") filed this suit alleging that its preliminary, conditional approval for a charter to operate a bank in Idaho entitled it to a master account with the Federal Reserve Bank of San Francisco. As the December Order acknowledged, on October 16, 2024, the Idaho Department of Finance (the "Idaho Department") terminated PayServices' charter and rescinded any right PayServices had to call itself a bank.

PayServices' claims are moot in light of the termination of its charter (Question 4). It is no longer a state-chartered bank and is not allowed to call itself a bank. As a result, it does not meet the minimum eligibility requirement for a master account, independent of FRBSF's risk-based analysis under the Guidelines. *See* Idaho Code § 26-202 (Question 2). PayServices therefore cannot obtain an injunction ordering FRBSF to provide it with a master account and does not otherwise have a valid claim for damages.

Alternatively, should the Court find that there is still a live case or controversy, it should affirm the District Court's dismissal of this case. The District Court correctly held that PayServices was not entitled to a master account, and that FRBSF was not a federal agency subject to suit under the Administrative Procedure Act (the "APA"), the Mandamus Act, or the Due Process Clause. The termination of PayServices' charter and the unavailability of money damages are grounds on which to affirm the district court's dismissal.

There is no need to abate this action pending the outcome of PayServices' appeal before the Idaho Department (Question 3). To FRBSF's knowledge, the appeal does not seek to reverse the termination of its preliminary approval for a charter. Rather, it addresses whether PayServices violated Idaho law by continuing to call itself a bank *after* the termination of its preliminary approval for a charter. The outcome, therefore, will have no bearing on PayServices' legal eligibility for a master account.

## BACKGROUND

On August 3, 2022, PayServices received "preliminary, conditional approval to engage in the business of banking" from the Idaho Department. (FER-03, ¶ 2). On August 10, 2022, PayServices requested a master account from FRBSF. (ER-054). On September 12, 2022, the Idaho Department granted PayServices a waiver "to use the word bank in its name in the state of Idaho" (the "Name Waiver"). (FER-03, ¶ 3). On May 4, 2023, the Idaho Department warned PayServices that its conditional approval period would expire if it "was unable to satisfy all conditional approval requirements." (FER-04, ¶ 4). On May 31, 2023, FRBSF denied PayServices' request for a master account. (ER-054).

On August 4, 2023, the Idaho Department found that PayServices' preliminary approval expired because it "had not met the conditions to receive a bank charter," and required PayServices to submit an "updated application." (FER-04, ¶ 5). On October 16, 2023, the Idaho Department granted PayServices a "one-time extension" to meet the conditions set by the Idaho Department in August 2022. (*Id.* ¶ 7). On October 16, 2024, when PayServices failed to meet those conditions, PayServices' preliminary approval "expired and was [] terminated." (*Id.* ¶ 9). That day, the Idaho Department rescinded

2

PayServices' Name Waiver. (*Id.* ¶ 10). PayServices "rejected the Department's rescission and refused to stop using 'PayServices Bank.'" (FER-05, ¶ 11). In response, the Idaho Department issued the Cease-and-Desist Order because "PayServices' refusal to refrain from using the word 'bank' and its ongoing use of the word bank in its name is a violation" of Idaho law. (FER-06, ¶ 17). PayServices was enjoined from "transact[ing] business in Idaho" under the name PayServices Bank. (FER-06). PayServices appealed that order.[1]

## ARGUMENT

**I.      This Case Is Moot Because PayServices Cannot Obtain the Relief It Seeks (Question 4)**

PayServices sought the same relief for each of its claims: (1) an order compelling FRBSF to grant it a master account and (2) unspecified monetary damages. (ER-71-73, ¶ 98, ¶ 103). However, PayServices is neither statutorily eligible for a master account nor is it able to recover monetary damages against FRBSF based on the claims asserted here. As a result, no relief can be granted, and the appeal should be dismissed as moot. *See Nevada v. United States*, 783 F. App'x 700, 703 (9th Cir. 2019) ("If it has become

---

[1]      Following the December Order, FRBSF's counsel contacted counsel for PayServices to request information regarding the appeal. PayServices did not provide copies of the appellate papers. As a result, FRBSF may not have full information regarding the issues implicated in the appeal of the Cease-and-Desist Order and cannot respond to Question 1 in the December Order regarding the status of PayServices' appeal. To the extent PayServices submits new information in its filing, FRBSF requests the opportunity to respond.

impossible for us to grant 'any effectual relief whatever,' then the case has become moot.").[2]

### A. PayServices Cannot Obtain an Injunction

Each of PayServices' claims seek an order requiring FRBSF to grant it a master account. (*See* ER-072-73, ¶ 98(b), ¶ 103(c)); ER-070, ¶ 89(b); ER-073, ¶ 103(b)). But, as of October 16, 2024, PayServices is prohibited from operating a bank in Idaho and, as a result, no longer meets the minimum legal requirement for a master account.

#### 1. PayServices Is Not Eligible for a Master Account Given Idaho's Revocation of Its Preliminary Bank Charter (Question 2)

Without a charter, PayServices is not eligible for a master account. Section 342 of the FRA states that a Reserve Bank may receive deposits from "any of its member banks" or "other depository institutions." 12 U.S.C. § 342.[3] PayServices makes no argument, nor could it, that it is a member bank. It therefore must demonstrate that it is a depository institution, which is defined as a "bank" that is "insured" by, or "eligible to make [an] application" to be insured by, the Federal Deposit Insurance Corporation ("FDIC") under

---

[2] If this Court dismisses the appeal as moot, it should leave the District Court's order of dismissal in place, rather than vacating the judgment. Vacatur is appropriate "to prevent preclusion based on an unreviewed judgment due to 'happenstance' or 'the unilateral action of the party who **prevailed** below.'" *Pinson v. Carvajal*, 69 F.4th 1059, 1064 n.6 (9th Cir. 2023) (emphasis added). "[C]ourts usually won't vacate lower court decisions when the appellant's voluntary actions moot the appeal." *City & Cty. of S.F. v. United States Citizenship & Immigration Servs.*, 992 F.3d 742, 753 (9th Cir. 2021). Here, PayServices' own actions in its failure to meet the conditions imposed by the Idaho Department mooted the appeal.

[3] Even Section 248a of the FRA—the purported source of PayServices' entitlement to a master account—is limited to depository institutions. 12 U.S.C. § 248a.

4

the Federal Deposit Insurance Act (FDIA). 12 U.S.C. § 461(b)(1)(A)(i); (ER-050, ¶ 4) (alleging that PayServices is a "bank which is eligible to make application to become an insured bank").[4] In short, to qualify as a depository institution under § 461(b)(1)(A)(i), PayServices must be a bank.

A bank is either a national or state bank. 12 U.S.C. § 1813(a)(1) (Bank "means any national bank and state bank[.]"). PayServices purports to be an Idaho state bank (ER-050, ¶ 2), but a state bank must be "engaged in the business of receiving deposits" and "incorporated under the laws of any State." 12 U.S.C. § 1813(a)(2). The Idaho Bank Act forbids any person from "engag[ing] in or transact[ing] any banking business"—including "receiving or accepting of money…on deposit as a regular business"—"without the written approval of," and a "written charter" from, the Idaho Department. Idaho Code § 26-202.

The only written authorization PayServices received from the Idaho Department was its preliminary approval, which was "terminated" in October 2024. (FER-04, ¶ 9). Notably, the Idaho Department made clear it would not grant an extension. (*Id.* ¶ 7). After PayServices' preliminary approval was terminated, the Idaho Department found that PayServices had violated the Idaho Bank Act by continuing to transact business and advertise under the name "PayServices Bank." (FER-05-06).[5]

---

[4] Depository institutions also include savings associations, credit unions, or mutual savings banks, none of which are at issue here. 12 U.S.C. § 461 (b)(1)(A)(ii)-(v).

[5] In keeping with the discussion of avian taxonomy at the December 4, 2024, argument, in this case the metaphorical bird does not look, swim, or quack like a duck.

5

The termination of PayServices' preliminary charter is dispositive. A charter is a threshold requirement to be a bank in the state of Idaho. Idaho Code § 26-202. And operating a bank is a threshold requirement to qualifying for a master account under the FRA. 12 U.S.C. § 461(b)(1)(A)(i). Pursuant to Section 342, FRBSF has no legal authority to accept deposits, or offer depository accounts to, ineligible institutions. 12 U.S.C. § 342.

### 2. The Court Need Not Abate This Case Because a Successful Appeal of the Cease-and-Desist Order Would Not Affect PayServices' Legal Eligibility for a Master Account (Question 3)

Although PayServices appealed the Cease-and-Desist Order, the Cease-and-Desist Order finds only that PayServices violated Idaho law *after* the expiration of PayServices' preliminary approval. A stay is not warranted pending resolution of that appeal.[6] As this Court has held, a court may stay federal proceedings in favor of a parallel state proceeding only in "exceptional circumstances." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 836 (9th Cir. 2023). Even when a stay may help "prioritize efficient 'disposition of litigation,'" a "substantial doubt" as to "whether the state proceedings will resolve the federal action . . . precludes the granting of a stay." *Id.* at 836, 841. Here, to the knowledge of FRBSF, PayServices is not an eligible institution regardless of the disposition of the appeal.

---

[6] To the extent PayServices is separately appealing the expiration of the preliminary approval for a charter, that information is not publicly available. If PayServices provides information suggesting that it is appealing the expiration of its preliminary approval along with the Cease-and-Desist Order, FRBSF requests an opportunity to respond.

When PayServices' preliminary approval expired on October 16, 2024, it "was [] terminated" in full. (FER-04, ¶ 9). The Idaho Department confirmed as much when it rescinded PayServices' Name Waiver the same day. (*Id.* ¶ 10). As the Idaho Department explained, PayServices' charter was terminated pursuant to the terms of a letter dated October 15, 2023, and the termination was communicated to PayServices on October 16, 2024. (*Id.* ¶¶ 7-9). Thus, the October 18, 2024 Cease-and-Desist Order did not effectuate the termination. That order is about PayServices' name, not its charter. The Idaho Department found that PayServices violated the Unauthorized Use of Name provision, and enjoined PayServices from further violations. (FER-05). The Cease-and-Desist Order itself concerns only PayServices' misconduct after PayServices' preliminary approval expired. It does not address the expiration of the preliminary approval, and nothing in the Cease-and-Desist Order (or any other publicly available document) suggests the expiration of PayServices' preliminary approval for a charter was appealable. Thus, the "state proceeding cannot resolve" PayServices' eligibility for a master account "because the [Idaho Department] has not raised such a claim in that forum." *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1208 (9th Cir. 2021).

### B. PayServices Cannot Obtain Monetary Relief

PayServices also seeks money damages based on its (incorrect) theory that FRBSF is a federal agency that is subject to the APA, Mandamus Act, and Due Process Clause. Even if FRBSF were a federal agency for the purposes of PayServices' claims (it is not), PayServices would be unable to obtain monetary relief in this case. As the Supreme Court explained in *FDIC v. Meyer*, courts cannot imply a damages action against federal

7

agencies unless the "substantive law on which the claimant relies" provides for that remedy. 510 U.S. 471, 484-86 (1994). Here, the claims PayServices brings do not provide for monetary damages.

First, to maintain a suit under the APA a plaintiff must "seek[] relief other than money damages." *United Aeronautical Corp. v. United States A.F.*, 80 F.4th 1017, 1033 (9th Cir. 2023); *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 806 (9th Cir. 2012) (holding that "'monetary damages' are not available" under the APA). Plaintiffs cannot use the APA to obtain compensatory damages arising from an alleged APA violation, which is exactly what PayServices seeks to do here. *See Bowen v. Massachusetts*, 487 U.S. 879, 900, 899 (1988) (distinguishing between "the recovery of money damages and the recovery of specific property or monies" under the APA).

Second, the Mandamus Act provides only for an order to "compel . . . any agency [of the United States] to perform a duty owed to the plaintiff." 28 U.S.C. 1361. It does not permit suits for money damages. *See Denton v. Schlesinger*, 605 F.2d 484, 485 (9th Cir. 1979); *Grondal v. United States*, 37 F.4th 610, 619-20 (9th Cir. 2022).

Finally, as the Supreme Court confirmed in *Meyer*, the Due Process Clause does not provide for monetary damages in these circumstances. 510 U.S. at 473, 486. The Sixth Circuit's decision in *American Premier Underwriters, Inc. v. Amtrak* is instructive. 709 F.3d 584, 590 (6th Cir. 2013). Therein, the Sixth Circuit analyzed whether Amtrak could be sued for monetary damages for alleged violations of the Due Process Clause. It held that Amtrak—which lacked traditional sovereign immunity due to its sue-or-be-sued clause—"cannot be sued for damages" for constitutional violations because it "possesses

8

the status of a 'Government entity' with regard to [such] violations." *Id.* The same rule applies here.

In all, the APA, Mandamus Act, and Due Process Clause do not provide for monetary damages in this case. Because PayServices cannot obtain either the injunctive or monetary relief it seeks, the Court should dismiss this case.

## II. The Court Should Affirm the District Court's Decision if the Case is Not Moot

In the alternative, should the Court determine there is a live case or controversy, it should affirm the District Court's holding that each of PayServices' claims fails as a matter of law.

The termination of PayServices' charter is a new fact, about which the Court may take judicial notice. *See Bentley v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 414 F. App'x 28, 30 (9th Cir. 2011). PayServices' inability to obtain injunctive relief or recover monetary damages are separate grounds for affirmance of the dismissal, in addition to the sound rationale of the District Court that Reserve Banks have discretion to grant or deny master accounts to eligible institutions. Two other federal courts have reached the same conclusion as the District Court in this case, and no court has held to the contrary. *See Banco San Juan Internacional, Inc. v. FRB of N.Y.*, 2025 U.S. Dist. LEXIS 3507, at *19 (S.D.N.Y. Jan. 8, 2025);[7] *Custodia Bank, Inc. v. Federal Reserve Board of Governors*, 728 F. Supp. 3d 1227, 1245 (D. Wyo. Mar. 29, 2024) ("[T]he plain language

---

[7] The Southern District of New York granted the motion to dismiss in *Banco San Juan* on January 8, 2025.

of the relevant statutes can only reasonably be read to give the Federal Reserve Banks discretion in granting or denying requests for a master account."). The District Court also properly dismissed PayServices' claims because FRBSF is not a federal agency "for the purposes of PayServices' claims against FRBSF." (ER-031, 034-36); *Banco San Juan*, 2025 U.S. Dist. LEXIS 3507, at *46. These reasons, coupled with the unavailability of injunctive or monetary relief, are valid grounds for an affirmance.

## CONCLUSION

For the foregoing reasons, this Court should dismiss this case as moot or, alternatively, affirm the District Court's order dismissing PayServices' Complaint.

Dated: January 17, 2025

/s/ *Jonathan K. Youngwood*
Jonathan K. Youngwood
Meredith Karp
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
jyoungwood@stblaw.com
Meredith.Karp@stblaw.com

*Attorneys for Defendant-Appellee Federal Reserve Bank of San Francisco*