# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-3539

E-mail Address
jyoungwood@stblaw.com

VIA ECF                                                    May 22, 2026

Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
James R. Browning U.S. Courthouse
95 Seventh Street
San Francisco, California 94103

> Re:   *PayServices Bank v. Federal Reserve Bank of San Francisco*, 9th Cir. No. 24-2355

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), I write respectfully on behalf of Defendant-Appellee the Federal Reserve Bank of San Francisco to apprise the Court of the Tenth Circuit's decision in *Custodia Bank, Inc. v. Fed. Rsrv. Bd. of Governors*, 157 F.4th 1235 (10th Cir. 2025) ("*Custodia*") and the Second Circuit's decision in *Banco San Juan Internacional, Inc. v. Fed. Rsrv. Bank of New York*, 2026 WL 1328199 (2d Cir. May 13, 2026) ("*BSJI*").

Like the district court here, the Tenth Circuit[1] held in *Custodia* that 12 U.S.C. § 342 grants Federal Reserve Banks discretionary authority over master account access. 157 F.4th at 1255. In *BSJI*, the Second Circuit similarly held that the appellant did not have a "statutory entitlement to a master account" under the FRA because § 342 confers to Reserve Banks discretionary authority over master account access. 2026 WL 1328199, at *1, *9. Both circuit courts rejected the argument that § 248a(c)(2) overrides this discretion and creates an entitlement to a master account. *Id.* at *9; *Custodia*, 157 F.4th at 1242.

In *BSJI*, the Second Circuit further held that appellant's Mandamus Act and Due Process claims failed because, like PayServices Bank's claims here, they depended on the presence of a nondiscretionary obligation to provide a master account that does not exist. 2026 WL 1328199, at *13. The Tenth Circuit similarly upheld the dismissal of the Mandamus Act claim in *Custodia* because the appellant was not statutorily entitled to a master account. 157 F.4th at 1262. Without deciding whether the Federal Reserve Bank of New York ("FRBNY") is an agency for purposes of review under the Administrative Procedure Act ("APA"), the Second Circuit held in *BSJI* that appellant's APA claim failed regardless because FRBNY's termination of its master account was "'committed to [its] discretion by law' and therefore not subject to judicial review." *Id.* at *15.

---

[1] Judge Tymkovich filed a dissent.

Simpson Thacher & Bartlett LLP

- 2 -

Respectfully submitted,

*/s/ Jonathan K. Youngwood*

Jonathan K. Youngwood

cc:    All Counsel of Record via ECF.